ON REHEARING
Before REDMANN, LEMMON and BARNETTE, JJ.
REDMANN, Judge.
Defendant’s most substantial argument, in application for and on rehearing, is that we mistook for an admission what was an indeliberate, off-hand remark by its president describing the involved transaction as a “loan.” Defendant correctly points out that time and again the trial judge, under the circumstance of plaintiff laywoman’s trying her own case, restricted evidence to value of the land, attempting to limit the issues to lesion beyond moiety alone.
We agree that the circumstances deprived defendant of an opportunity to present evidence on a material issue. The testimony of defendant’s president that .its check “represents part of $15,000 loan” may have been only a casual characterization which remained unexplained and uncorrected because, due to the course that the trial took, it was not considered material.
We necessarily remand to allow defendant to present evidence on this point. Since *503 the evidence may show that a sale was had, the lesion question may have to be decided and therefore further evidence of value (especially from defendant) must also be admitted.
If lesion is found, form of judgments should be governed by C.C. arts. 1877 and 1880. The latter authorizes a final judgment for the amount the seller owes, if the purchaser elects rescission under C.C. arts. 1878 and 2592.
Defendant should also be allowed, by appropriate pleading, to present alternatively its claim for loan repayment (in the event loan is found) so that this entire matter may be fully settled.
Our original decree is set aside; the judgment appealed from is set aside and the matter is remanded; costs to await final determination.